Filed 11/7/24  P. v. Temple CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C100645 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FE-2023-0007315) |
| v. | |
| JOSHUA FRANKLIN TEMPLE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Joshua Franklin Temple asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

I

The factual background is based on the testimony at the preliminary hearing, to which the parties stipulated as the factual basis for defendant's plea.  On July 9, 2023, Stockton Police Officer Eddie Diaz was dispatched in the early morning hours to a marina in Stockton where it was reported that a person had started a fire on a ship.  Officer Diaz observed that the exterior door of the ship sustained fire damage, the interior of the ship was filled with smoke, tablecloths had burn holes in them, and burned sticks were arranged like a campfire in the galley.

Officers searched the ship and located defendant in a bathroom with the door tied closed.  Officer Diaz could hear a lighter being flicked.  Officer Eric Hutton was dispatched with his patrol dog to assist in removing defendant from the bathroom.  Officers forced the door open, and the dog was sent in.  Defendant grabbed the dog's leash, dragged him, and choked him with his collar.  Three officers followed and physically restrained defendant.  A resident of a nearby boat reported seeing defendant trying to light a fire and then walking onto the ship.

In July 2023, defendant was charged with arson (Pen. Code, § 451, subd. (d); count 1),[1] with allegations that he suffered prior strike convictions for carjacking (§ 215) in 2017 and assault with a deadly weapon (§ 245, subd. (a)(1)) in 2022 within the meaning of the three strikes law (§§ 667, subd. (d), 1170.12, subd. (b)), misdemeanor resisting arrest (§ 148, subd. (a)(1); count 2), and obstruction of a police dog (§ 600, subd. (b); count 3).

In October 2023, an information alleged the same charges of arson with prior strike convictions and added aggravating circumstances allegations that defendant sustained prior convictions that were numerous or of increasing seriousness (Cal. Rules

---

[1]  Undesignated statutory references are to the Penal Code.

of Court, rule 4.421(b)(2)) and had served a prior prison term (*id.*, rule 4.421(b)(3)). The information further charged as count 2 possession of flammable material (§ 453, subd. (a)) with the same prior strike allegations and aggravating circumstances. Charges of resisting arrest and obstruction of a police dog were renumbered as counts 3 and 4.

Defendant pleaded no contest to resisting arrest (count 3) and assault with a deadly weapon, a lighter (§ 245, subd. (a)(1); count 5) and admitted a prior strike conviction, with the understanding that he would be sentenced to the upper term of four years on count 5, doubled to eight years for the strike, and one year concurrent on count 3. The parties stipulated to aggravating factors. The other counts were dismissed in the interest of justice. The trial court sentenced defendant to an aggregate term of eight years in state prison, awarded 396 days of presentence credit (198 actual and 198 conduct), and imposed various fines and fees.

Defendant's notice of appeal form stated the appeal was from denial of a motion to suppress, but no such motion was filed in the case. This court granted defendant's application to construe the notice of appeal to include the sentence or other matters occurring after the plea that do not affect the validity of the plea.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　MAURO, J.

We concur:

　/s/
EARL, P. J.

　/s/
ROBIE, J.

4